# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HARRY DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. 2:19-cv-02679-JTF-atc |
| | ) |
| v. | ) |
| | ) |
| CITY OF MEMPHIS POLICE DEPT., | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER DIRECTING THE CLERK TO ISSUE PROCESS FOR THE CITY OF MEMPHIS AS TO THE AMENDED COMPLAINT (ECF NO. 7); DIRECTING PLAINTIFF TO DETERMINE THE NAMES & ADDRESSES OF THE UNKNOWN DEFENDANTS AND TO FILE A MOTION UNDER FED. R. CIV. P. 15(a); AND DISMISSING WITH PREJUDICE ALL INDIVIDUAL CAPACITY CLAIMS AND ALL STATE LAW CLAIMS IN THE AMENDED COMPLAINT (ECF NO. 7)**

On October 3, 2019, Plaintiff Harry Day filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 2.)  On January 30, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and assessed the $350 filing fee.  (ECF No. 5.)  On July 13, 2020, the Court: (1) dismissed with prejudice the claims in the complaint against the Memphis Police Department (the "MPD") and the MPD Investigative Unit (ECF No. 6 (the "Screening Order") at PageID 35); (2) proceeded the complaint's § 1983 claim against the City of Memphis (the "City") (*id*. at PageID 34) and against the individual officers of the MPD in their official capacities (*id*.); (3) proceeded Day's Fourteenth Amendment claim against the City for loss of personal property (*id*. at PageID 38); (4) proceeded Day's § 1983 claims against the Unknown Defendants[1] (*id*. at PageID 38); (5)

---

[1] *See* ECF No. 7 at PageID 43 ((a) "Unknown Memphis Police Officer who authorized the seizure and impoundment of one Toyota Tercel on 11-06-18"; (b) "Unknown [Memphis] Police

proceeded Day's claims for declaratory and injunctive relief (*id*. at PageID 39-40); (6) exercised supplemental jurisdiction over Day's unspecified state law claims that he might raise in a subsequent amended pleading (*id*. at PageID 40); and (7) granted leave to amend within twenty-one (21) days (*id*. at PageID 41).  The Screening Order ruled that if Day failed to timely file an amended complaint, the Clerk of the Court would be directed to issue process as to the original complaint.  (*Id*.)  Day's deadline to file an amended complaint expired on Monday, August 3, 2020.

On August 11, 2020, Day filed an amended complaint.  (ECF No. 7; *see also* ECF No. 7-8 at PageID 58 (bearing a return address at the Shelby County Criminal Justice Center (the "SCCJC") with the postmark date missing).)  Other than the amended pleading's statement that Day sues the Defendants in their official and individual capacities, *see* ECF No. 7 at PageID 43, Day's amended pleading and the initial complaint are mirror images.  (ECF No. 7 at PageID 43; *cf*. ECF No. 1 at PageID 1.)  Close review of Days' initial and amended pleadings suggests that the amended complaint is a photocopy of the original complaint, except for the pleadings' first pages.  (*See* ECF No. 7; *cf*. ECF No. 1.)  Specifically, the amended pleading's first page adds an allegation that Day sues Defendants in their official and individual capacities.  The initial complaint was silent on that issue.  (ECF No. 7 at PageID 43; ECF No. 1 at PageID 1; *see also* ECF No. 6 at PageID 33 (construing the initial complaint as alleging official capacity claims).)

The issue of service of process is before the Court for consideration.

---

Officer who arrested Plaintiff in October 2018" at 1136 Melrose; (c) "Unknown [Memphis] Police Lieutenant who authorized the impoundment of Plaintiff's 2000 Mitsubishi in October 2018"; (d) the "Unknown Memphis General Investigation Officer who refused to release Plaintiff's vehicle"; and (e) "The Manager of Memphis Vehicle Impound Lot"); *see also* ECF No. 1 at PageID 1.

As an initial matter, Day's amended complaint is untimely. (*See* ECF No. 6 at PageID 41 (setting deadline to amend on or before August 3, 2020); ECF No. 7 at PageID 43 (received by the Clerk of the Court on August 11, 2020).) Day does not indicate the date he signed his amended pleading or the date he provided it to SCCJC personnel to mail to the Court. The latter information might have afforded Day the benefit of the prisoner mailbox rule. (*See* ECF No. 7 at PageID 43 & 49; *see also Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (a federal *pro se* prisoner's submission is "filed" at the moment of delivery to prison authorities for forwarding to district court).) Despite that apparent untimeliness, the Court will consider the amended complaint in determining which of Day's two pleadings should issue for service of process purposes. This approach affords liberal treatment of Day's *pro se* status and accounts for the possibility of U.S. mail delays in the amended complaint's arrival in the Clerk's Office. This approach does not unfairly prejudice any Defendants because, *inter alia*: (1) no Defendants have been served with the initial complaint; (2) the amended pleading's content mirrors that of the initial complaint, other than the amended complaint's assertion of individual capacity claims; and (3) Day may not assert individual capacity claims, which were not asserted in the initial complaint. (*See* discussion *infra* in Section (4).)

FOR THESE REASONS:

(1) The Clerk is **ORDERED** to: (a) issue process for the City of Memphis as to the amended complaint (ECF No. 7) and (b) direct that the U.S. Marshal Service effect service of process, pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 4(c)(3). Service shall be made on the City of Memphis pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States. It is further **ORDERED**

that Plaintiff shall serve a copy of every subsequent document he files in this case on the attorneys for the City of Memphis or on such Defendant personally if that Defendant is unrepresented. Plaintiff shall make a certificate of service on every document he files. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

(2)    Although Day has sufficiently alleged § 1983 claims against the Unknown Defendants, service of process cannot be made on unidentified parties. Federal Rule of Civil Procedure 10(a)[2] requires a plaintiff to "name all the parties" in a complaint. A plaintiff may initially file a complaint that names an unknown defendant by using a "John Doe" appellation or similar pseudonym. *See*, *e.g.*, *Smith v. City of Chattanooga*, 2009 WL 3762961, at *12 (E.D. Tenn. Nov. 4, 2009). However, identifying a defendant in such manner is insufficient to commence a civil action against that unknown defendant. *Id.* An action is commenced against an unknown defendant when the complaint is amended under Fed. R. Civ. P. 15 to specifically name that defendant and the plaintiff effects service of process upon that named defendant in compliance with Fed. R. Civ. P. 4. Of particular note, the filing of a complaint against an unknown defendant does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party" (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Day can proceed against the Unknown Defendants, Day must first identify those individuals and re-allege his claims against them within the one-year limitations

---

[2] "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a).

period set out in Tennessee Code Annotated 28-3-104(a)(1)(B).  *See*, *e.g.*, *Montgomery v. Wellpath Medical*, No. 19-0675, 2021 WL 4773097, at *1 (M.D. Tenn. Oct. 13, 2021).

Because "[i]t is impossible to serve process on an unknown or fictitious party," *see Ingle v. Shelby Cnty.*, No. 19-2080, 2019 WL 4145243, at *1 n.2 (W.D. Tenn. Aug. 30, 2019), the Court **ORDERS** Day to:

(a)     **IDENTIFY THE FULL NAMES AND CURRENT ADDRESSES** of the Unknown Defendants **WITHIN FOURTEEN (14) DAYS** of the date of this Order.  Day shall file such information with the Court.  Upon Day's filing of that information, the Court will promptly order the Clerk to direct that the U.S. Marshal Service effect service of process of the amended complaint (ECF No. 7) on the Unknown Defendants in their official capacities, pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 4(c)(3).  Service shall be made on the Unknown Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective.  All costs of service shall by advanced by the United States; and

(b)     **FILE A MOTION PURSUANT TO FED. R. CIV. P. 15(a)** for leave to amend the complaint to correctly identify the Unknown Defendants by name.  The Court warns Day that failure to effect service of process on the Unknown Defendants within the ninety (90) days required by Fed R. Civ. P. 4(m)[3] can be grounds for dismissing those Unknown Defendants from this litigation.  *See*, *e.g.*, *Cox v. Reagan*, No. 06-250, 2009 WL 2579655, at *6 (E.D. Tenn. Aug. 17, 2009) (internal citations omitted).

---

[3] "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

(3) Plaintiff is reminded that he must promptly **NOTIFY** the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

(4) To the extent the amended complaint purports to sue any Defendant in his or her individual capacity, *see* ECF No. 7 at PageID 43, such claims remain dismissed in accordance with the Screening Order. (*See* ECF No. 6 at PageID 33.) Day did not timely amend his initial complaint. (*See* discussion *supra*.) Allowing Day to assert untimely individual capacity claims would conflict with the Screening Order's terms and unfairly prejudice Defendants. Accordingly, all individual capacity claims in the amended complaint (ECF No. 7) **ARE DISMISSED WITH PREJUDICE**.

(5) Because the amended complaint does not sufficiently allege facts stating state law claims to relief, *see* ECF No. 1 at PageID 2 (referring only to "state tort claims") and ECF No. 7 at PageID 44 (same), the Court **DISMISSES WITH PREJUDICE** all state law claims in the amended complaint (ECF No. 7), in accordance with the Screening Order. (*See* ECF No. 6 at PageID 40 (ruling that the Court would exercise supplemental jurisdiction over any state law claims only to the extent such claims were raised within a subsequently filed amended complaint).)

**IT IS SO ORDERED**, this 17th day of March 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE